KLEIN, Judge,
The parties to this custody dispute are the unmarried parents of a three year old child. Appellant sought primary custody on the ground that appellee is a Jehovah’s Witness. He argues that the trial court erred in not allowing two expert witnesses to testify as to how appellee’s religious beliefs would affect her fitness to have primary custody.
One of the witnesses, Duane Magnini, is a former Jehovah’s Witness. He testified that he had written a number of books about the religion which were published by an organization he runs. He did not have a college degree, and had never spoken to or observed either the child or the appellee. The court concluded that he was not qualified to testify as an expert.
The other expert was a professional who had counseled the couple; however, he acknowledged that appellee had not waived the confidentiality privilege attaching to her meetings with him. The court did not permit him to testify either.
The problem is that appellant’s counsel made no proffer as to what the testimony of either of these witnesses would have been. It is therefore impossible for us to determine whether the court’s rulings were erroneous, or if erroneous, whether they resulted in prejudicial error requiring a new trial. Finney v. State, 660 So.2d 674 (Fla.1995), cert. denied, - U.S. -, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996).
Although we have no alternative but to affirm, we do note that the mother testified that she was allowing the father as much visitation as he desired, as well as the celebration of his religious holidays with the child. She was not going to “cram my religion down my baby’s throat,” and would permit the child to be exposed to both religions. She further testified that she would not shun her child if the child did not become a Jehovah’s Witness, but rather would permit the child to make her own decision. Given her testimony, it is highly unlikely that the testimony of these two witnesses, who could only have testified about the general practices of the religion, would have affected the outcome here.
Affirmed.
. WARNER and SHAHOOD, JJ., concur.